# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY RENEE STOKES,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF VISALIA,<br><br>    Defendant. | Case No. 1:17-cv-01350-SAB<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY FEES AND MOTION FOR PUBLICATION OF ORDER; VACATING JULY 2, 2018 COSTS TAXED AND DIRECTING CLERK TO RETAX COSTS<br><br>(ECF Nos. 44, 45, 46, 48, 49, 50, 51) |

On October 9, 2017, Plaintiff Kimberly Renee Stokes ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendant's motion for attorney fees and motion for publication of an order. Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following order.

**I.**

**BACKGROUND**

On January 31, 2017, Plaintiff's dogs, Armani and Mademoiselle escaped from her yard and attacked her neighbor's dogs. (Compl. ¶¶ 14, 17, ECF No. 1.) Animal control impounded Plaintiff's dogs and declared them to be vicious. (Id. ¶¶ 23, 31(a).) On February 13, 2017, a hearing was held in which the administrative hearing officer determined that Mademoiselle was not a vicious dog, but that Armani was a vicious dog as this was the second incident in which he had attacked the same animals. (ECF No. 35-2 at 12-15.) On February 23, 2017, Plaintiff filed a petition for a writ of mandate to set aside the determination that Armani was a vicious dog in the

Tulare County Superior Court. (ECF No. 35-2 at 5-11.) On September 28, 2017, the Superior Court judge declined to issue a writ of mandate. (Compl. ¶ 71.)

On October 9, 2017, Plaintiff filed the complaint and a motion for a temporary restraining order in this action against the City of Visalia ("Defendant" or "City") seeking damages and injunctive relief for alleged due process violations based on the seizure and impounding of her dog after he was found to be vicious. (ECF No. 1.) On October 10, 2017, District Judge Dale A. Drodz conducted a telephonic conference regarding the motion for a temporary restraining order. (ECF No. 9.) Counsel for Defendant appeared and advised the court that he would take steps to ensure that the dog was not euthanized prior to the court's ruling on the motion. (Id.) A briefing scheduled was issued for Plaintiff to file a motion for a preliminary injunction. (Id.)

On October 24, 2017, Plaintiff filed a motion for a preliminary injunction. (ECF No. 12.) Defendant declined to proceed before a magistrate judge on October 25, 2017, and an answer to the complaint was filed on October 30, 2017. (ECF Nos. 14, 16.) On November 7, 2017, Defendant filed an opposition to the motion for a preliminary injunction and Plaintiff filed a reply on November 14, 2017. (ECF Nos. 17, 18.) Plaintiff filed a consent to the jurisdiction of the magistrate judge on December 4, 2017. (ECF No. 21.) On December 12, 2017, Judge Drodz issued an order denying Plaintiff's motion for a temporary restraining order and denying Plaintiff's request for a preliminary injunction. (ECF No. 26.) On December 18, 2017, Defendant consented to to the jurisdiction of the United States magistrate judge and the matter was reassigned to the undersigned for all purposes. (ECF Nos. 27, 29.)

The scheduling order in this action issued on December 20, 2017. (ECF No. 30.)

On January 12, 2018, the Tulare County Superior Court issued judgment in Defendants' favor on Plaintiff's writ of mandate. (ECF No. 35-2 at 184.)

On February 16, 2018, Defendant filed a motion for discovery seeking to compel Plaintiff's deposition and a request for monetary sanctions. (ECF No. 31.) On February 22, 2018, Plaintiff filed a motion for a protective order. (ECF No. 32.) On February 26, 2018, an order issued denying Defendant's motion to compel as premature, denying the request for sanctions, and granting in part Plaintiff's motion for a protective order. (ECF No. 34.)

On May 4, 2018, Defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 35.) Plaintiff filed an opposition on May 23, 2018. (ECF No. 36.) On May 30, 2018, Defendant filed a reply. (ECF No. 37.)

On June 2, 2018, Plaintiff filed a motion for a preliminary injunction. (ECF No. 38.) On June 6, 2018, the Court heard oral argument on Defendant's motion for judgment on the pleadings. (ECF No. 41.) On June 8, 2018, an order issued granting Defendant's motion for judgment on the pleadings on the ground that the action was barred by the doctrine of res judicata and judgment was entered in favor of Defendant. (ECF Nos. 42, 43.)

On June 20, 2018, Defendant filed a bill of costs. (ECF No. 45.) On June 22, 2018, Defendant filed a motion for attorney fees. (ECF No. 45.) On June 26, 2018, Defendant filed a motion for publication of the order granting judgment on the pleadings. (ECF No. 46.) On July 2, 2018, costs were taxed in the amount of $5,013.29. (ECF No. 47.)

Plaintiff filed oppositions to the motion for attorney fees and motion for publication on July 18, 2018. (ECF Nos. 48, 49.) Defendant filed replies on July 25, 2018. (ECF No. 50, 51.)

## II.

## LEGAL STANDARD

Unless there is express statutory authorization to the contrary, the American Rule provides that each party to a lawsuit shall ordinarily bear its own attorney fees. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Pursuant to 42 U.S.C. § 1988(b) the court has discretion to award reasonable attorney fees to the prevailing party in an action brought under 42 U.S.C. § 1983. "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." Mendez v. County of San Bernardino, 540 F.3d 1109, 1124 (9th Cir. 2008) (citations omitted). Ordinarily a prevailing plaintiff should recover attorney fees unless special circumstances would render such an award unjust. Mendez, 540 F.3d at 1124. A defendant in a civil rights action can receive an award of attorney fees if the plaintiff's " 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.' CRST Van Expedited, Inc. v. E.E.O.C., 136 S.Ct. 1642, 1646 (2016) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978)); see also Fox v.

Vice, 563 U.S. 826, 833 (2011) ("§ 1988 authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.' "); Harris v. Maricopa Cty. Superior Court, 631 F.3d 963, 968 (9th Cir. 2011) (same). Where the plaintiff acted wrongly in leveling allegations against the defendant, the court may shift the reasonable costs that the claims imposed upon the adversary. Fox, 563 U.S. at 834.

Trial courts have broad discretion in determining the reasonableness of attorney fees. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The court then may adjust the lodestar upward or downward based upon a variety of factors. Gonzalez, 729 F.3d at 1202.

In determining a reasonable fee, the Court takes into account the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases (hereinafter referred to as the "Kerr factors"). McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). The district court may also make upward or downward adjustments to the lodestar based on consideration of the Kerr factors. Gates, 987 F.2d at 1402.

### III.

### DISCUSSION

#### A. Motion for Attorney Fees

Defendant argues that attorney fees are warranted in this instance because Plaintiff filed a suit in state court challenging the administrative hearing process and when she did not like the

results received, this action was filed challenging the same issues. Defendant seeks $42,692.50 in attorney fees and costs of $5,013.29 as set forth in the bill of costs.[1]

Plaintiff counters that if res judicata was clearly applicable from the outset of this litigation, then Defendant should have acted accordingly and not waited more than eight months and "racked up nearly forty-three thousand dollars ($43,000) in attorney's fees" before filing a motion based on res judicata. (Opp. to Mot. for Attorney's Fees and Costs 2, (ECF No. 2.) Plaintiff argues that Defendant has not met its burden to justify an award of attorney fees.

Defendant replies that Plaintiff had no basis to bring this suit and the costs of this action should not be born by the taxpayers of the City. Defendant also argues that the discovery in this action was reasonable. Defendant contends that based on Plaintiff's decision to file the action discovery was necessary to determine if there were factual basis to support the cause of action other than those alleged in the complaint. Defendant states that it was necessary to conduct discovery prior to filing the motion for judgment on the pleading to ensure that all Plaintiffs' complaints about the City's conduct were communicated to her prior attorneys so they could be raised during the pendency of the state action. Further, Defendant argues that Plaintiff admitted that she filed this action solely because she was unhappy with the result of the state court action and, while she was aware that she could appeal the state court decision, filing this action was a strategy decision made with her attorney.

1. <u>Defendant is Entitled to Attorney Fees Where the Dispositive Res Judicata Issues were Clear at the Outset of the Litigation</u>

District courts are only to award attorney fees to defendants in civil rights actions in exceptional circumstances where the claims are "frivolous, unreasonable, or groundless." <u>Harris</u>, 631 F.3d at 971 (quoting <u>Christiansburg Garment Co.</u>, 434 U.S. at 422); <u>Thomas v. Bible</u>, 983 F.2d 152, 153 (9th Cir. 1993). The fact that the plaintiff loses the case in not sufficient and attorney fee awards in a section 1983 action are proper if the plaintiff's actions are meritless in the sense that they are groundless or without foundation. <u>Hughes v. Rowe</u>, 449 U.S. 5, 14

---

[1] Costs in this action in the amount of $5,013.29 were taxed pursuant to the bill of costs on July 2, 2018. (ECF No. 47.)

(1980). "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Harris, 631 F.3d at 976 (quoting Tutor–Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1060 (9th Cir.2006)).

Defendant relies on Jaraysi v. City of Marietta, Ga., 15 F.Supp.3d 1375 (N.D. Ga. 2014), in arguing that attorney fees are justified in this instance. In Jaraysi, the plaintiff purchased property and a building permit was issued. 15 F.Supp.3d at 1377. The City eventually issued a stop work order based on defects in the existing site plan and plaintiff submitted an appeal that was denied. Id. at 1377-78. The City filed suit to demolish the structure and the municipal court issued a demolition order. Id. at 1378. After the matter went up on appeal and was remanded, the parties executed a settlement agreement and a consent order was issued. Id. The plaintiff did not comply and the City announced its intent to demolish the building. Id. On the eve of the demolition of the building, the plaintiff filed a complaint to prevent the demolition of the building, declare the consent order unenforceable, and declare his property rights. Id. at 1379. The City counterclaimed to prevent the plaintiff from interfering with the demolition. Id. The court denied the plaintiff's request for relief and issued an order to enjoin the plaintiff from interfering with the demolition. Id.

Approximately two years later, the plaintiff filed a civil rights suit in federal court alleging the City had unreasonably withheld the required permits to complete the instruction, brought a meritless nuisance action, and improperly induced him to agree to settlement and numerous state law claims. Jaraysi, 15 F.Supp.3d at 1379. The City moved for judgment on the pleadings in the state court case and the action was dismissed on the grounds of res judicata. Id. at 1379-80. The City then moved for attorney fees in the state court action arguing that the plaintiff's lawsuit lacked any basis in law or fact. Id. at 1381. Attorney fees were granted in the state court. Id. The City moved for judgment on the pleadings and an award of attorney fees in the federal action. Id.

The Jaraysi court considered that a prevailing defendant could only recover attorney fees

1 upon finding the action was frivolous, unreasonable, or groundless or that the plaintiff continued
2 to litigate after it became so. 15 F.Supp.3d at 1382. In such cases courts consider "(1) whether
3 the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3)
4 whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits."
5 Id. (citations omitted). A finding that an action is barred by res judicata does not necessarily
6 mean that a claim is frivolous for the purposes of section 1988. Id. The court considered that the
7 purpose of res judicata is to bar litigation that should have been raised in the prior proceeding
8 and does not necessarily mean that the second suit was groundless. Id. at 1382-83. "Even if the
9 merits of the second suit are somewhat tenuous, one must remember that civil rights cases
10 require special care because a person's constitutional rights hang in the balance." Id. at 1383
11 (quoting Webber v. Mills, 597 F.Supp. 316, 318 (S.D. Fla. 1984)). However, the court is not
12 barred from awarding the defendant attorney fees where the dispositive res judicata issues were
13 clear at the outset. Jaraysi, 15 F.Supp.3d at 1383. Since the defendants did not argue that
14 dismissal on res judicata claims warranted the award of attorney fees, the court considered the
15 reasons presented and determined that it would be inequitable to award attorney fees without
16 providing the plaintiff one last chance to explain the reasons for bringing suit and the motion was
17 denied without prejudice. Id. at 1385.

18 Plaintiff argues that Webber, supports the position that Defendant is not entitled to
19 attorney fees in this action. In Webber the plaintiff had her licensed revoked by the school board
20 and was raising a due process challenge. 597 F.Supp. at 317-18. She had an administrative
21 hearing and the only way for the plaintiff to be certain that the school board had acted properly
22 was to seek the advice of the courts. Id. at 318. The Webber court stated that the plaintiff was
23 entitled to test the validity of the school board's actions in a court of law. Id. The court
24 recognized that attorney fees may be had by a defendant who successfully wins dismissal of the
25 plaintiff's suit on the grounds of res judicata. Id. The court found that at the time that the suit
26 was instituted it did not appear frivolous and the plaintiff had raised several constitutional
27 questions that were omitted from her state suit. Id. at 319.

28 At the time that Plaintiff filed the instant suit in federal court it was apparent that it was

barred by res judicata as the state court had issued its decision denying the writ of mandate. Further, in this action Plaintiff only challenged the same issues that were raised in the state court action. The Court finds Webber to be distinguishable from this action.

In the order granting Defendant's motion for judgment on the pleadings, the Court did address the issue of whether a writ of mandate would have preclusive effect under California for the purposes of res judicata. (ECF No. 42 at 9-11.) In surveying the law on the issue, there was a period of time in which the Ninth Circuit construed Mata v. City of Los Angeles, 20 Cal. App. 4th 141 (1993), as holding that a mandamus proceeding would not bar a subsequent action under section 1983. Honey v. Distelrath, 195 F.3d 531 (9th Cir. 1999); Weinberg v. Whatcom Cty., 241 F.3d 746, 750 (9th Cir. 2001). However, since 2004, California courts and the Ninth Circuit have recognized that a mandamus proceeding has res judicata effect. Fed'n of Hillside & Canyon Associations v. City of Los Angeles, 126 Cal.App.4th 1180, 1204 (2004); Manufactured Home Communities Inc. v. City of San Jose, 420 F.3d 1022, 1031 n.12 (9th Cir. 2005); Wolin v. City of Los Angeles, 524 F. App'x 331, 332 (9th Cir. 2013) (unpublished).

Here, Defendant argues that it would have been clear to a reasonable attorney from the outset of this action that it was barred by res judicata. While Plaintiff contended in opposition to the motion for summary judgment that her due process claim in this action was more than the right to a fair hearing, the allegations in the complaint show that Plaintiff was challenging the hearing that she received. Plaintiff alleged that there is no notice in the Visalia Municipal Code Chapter 6.16, or elsewhere that provides for payment of a fee to obtain a hearing to contest that an animal is vicious. (Compl. ¶ 27.) The hearing officer considered witness statements in reports, but the witnesses were not present to corroborate the statements attributed to them. (Id. ¶ 36.) The four reports written by the Visalia Animal Services officer were not provided to Plaintiff prior to the hearing. (Id. ¶ 37.) Although the complaining witness testified to a prior incident involving Plaintiff's dogs, Plaintiff had no notice that anything other than the January 31, 2017 incident would be raised at the hearing. (Id. ¶¶ 44, 46.) The hearing officer determined that Armani was vicious because it was the second incident involving the same parties with no remediation, but Plaintiff had remediated the situation by not allowing her dogs to be off leash

since the prior incident. (Id. ¶¶ 57, 58.) Further, Plaintiff contended that at the hearing she had mistakenly testified that Armani was involved in the prior incident. (Id. ¶¶ 49, 59.)

Plaintiff alleged that the City violated her right to due process by failing to provide notice of the hearing and an opportunity to address her objections (id. ¶¶ 73-91); the City unlawfully shifted the burden of proof to her to prove that her dogs were not vicious (id. ¶¶ 92-99); the City violated her right to due process by not allowing her to cross examine witnesses at the hearing (id. ¶¶ 100-107); the City violated her right to provide an unbiased, impartial adjudicator to conduct the hearing (id. ¶¶ 108-116); and the City violated her right to due process by permitting ex-parte communication between the hearing officer and animal control (id. ¶¶ 117-120). Plaintiff brought a claim for violation of due process and sought injunctive relief to prevent the destruction of Armani and to prohibit the requirement that Plaintiff pay boarding fees during the pendency of this action, invalidation of the hearing officer's decision, and compensatory and punitive damages.

Significantly, Plaintiff here is represented by counsel. While the original petition for a writ of mandate was filed by different counsel (see ECF No. 35-2 at 5-10), it was reopened and the petition for a writ of mandate was denied on September 28, 2017, (Compl ¶¶ 69, 70, 71). Counsel was aware that the petition for writ of mandate challenging whether Plaintiff had received due process during the administrative hearing had been filed and had been denied by the state court less than two weeks prior to this action being filed. At the time of filing this action, a reasonable attorney should have been aware that this action was barred by res judicata and that any relief had to be obtained by filing an appeal in the state court.

The Court finds that at the time that this action was filed, Plaintiff should have been aware that it was barred by res judicata and that it was frivolous to file a federal action challenging the same issues that had already been decided by the state court. See Martinez v. Maricopa Cty. Cmty. Coll. Dist., No. CV-15-01759-PHX-NVW, 2018 WL 2119338, at *3 (D. Ariz. May 8, 2018) (bringing a repetitive action after losing the first is the paradigmatic example of vexatious litigation and shows animus and bad faith); Robinson v. Cunan, No. 2:10-CV-2464-MCE-JFM, 2012 WL 458493, at *1 (E.D. Cal. Feb. 10, 2012) (awarding attorney fees where

plaintiff knew the action was barred on the ground of res judicata); Shah v. Cty. of Los Angeles, No. CV 08-6499 CAS (CWX), 2010 WL 11578744, at *4 (C.D. Cal. Sept. 20, 2010) (finding claims that had been previously rejected multiple times were frivolous, unreasonable, and without foundation); Catz v. Chalker, No. CIV 03-91-TUCFRZ, 2007 WL 3171383, at *11 (D. Ariz. Oct. 26, 2007) (awarding attorney fees to defendant where claims were barred by doctrine of res judicata and collateral estoppel).

In the circumstances here, where the dispositive res judicata issues were clear at the outset of the federal litigation, the Court finds that Defendant is entitled to reasonable attorney fees for defending this action.

    2.   Reasonable Hourly Rate

Mr. Herr seeks $160.00 per hour for his services in this action. Plaintiff does not challenge the amount requested. The loadstar amount is to be determined based upon the prevailing market rate in the relevant community, Blum, 465 U.S. at 896 (1984), which in this matter is the Fresno Division of the Eastern District of California. Plaintiff has presented no evidence regarding the reasonableness of the fees in this district, and the Court relies on its own knowledge of customary legal local rates and experience with the legal market in setting a reasonable hourly rate. Ingram v. Oroudjian, 647 F.3d 925, 926 (9th Cir. 2011).

Mr. Herr has practiced law in the Visalia are for 40 years. (Decl. of Leonard C. Herr, Esq. 1, ECF No. 45-2.) He is seeking $160.00 per hour. In the Fresno Division of the Eastern District of California, attorneys with experience of twenty or more years of experience are awarded $350.00 to $400.00 per hour. See In re Taco Bell Wage & Hour Actions, 222 F.Supp.3d 813, 839 (E.D. Cal. 2016); see also Garcia v. FCA US LLC, No. 1:16-CV-0730-JLT, 2018 WL 1184949, at *6 (E.D. Cal. Mar. 7, 2018) (awarding $400.00 per hour to attorney with approximately thirty years of experience, $300.00 to attorney with fifteen years of experience; $250.00 to attorney with ten years of experience; and $225.00 to attorney with five years of experience; and $175.00 to attorney with less than five years of experience); Mike Murphy's Enterprises, Inc. v. Fineline Indus., Inc., No. 1:18-CV-0488-AWI-EPG, 2018 WL 1871412, at *3 (E.D. Cal. Apr. 19, 2018) (awarding attorneys with over twenty years of experience $325.00 and $300.00 per hour, and

1  attorney with 7 years of experience $250.00 per hour. The hourly rate sought is well within the
2  reasonable range for an attorney with similar experience.

3  The Court finds that $160.00 per hour is a reasonable hourly rate for the services provided
4  by Mr. Herr in this action.

5      3.    <u>Reasonable Number of Hours</u>

6  Defendant is seeking compensation for 272.85 hours expended in this action and has
7  provided documentation to support the hours expended. (ECF No. 45-2.) Plaintiff contends that
8  a reasonable attorney would not have conducted discovery prior to moving for judgment on the
9  pleadings. While Plaintiff contests the decision to conduct discovery, it was her decision to
10 bring this action in federal court and Defendant is entitled to defend the suit brought. Defendant
11 argues that it was necessary to conduct some discovery to determine if there was additional
12 factual basis for the claims brought in this action, if the same primary right was involved, and if
13 Plaintiff's prior attorneys were aware of all her complaints against the City so they could be
14 raised in the state court action. Further, Plaintiff requested a temporary restraining order and
15 filed a motion for a preliminary injunction, which required counsel to appear and respond to the
16 motions. (ECF Nos. 2, 12.) Plaintiff also objected to appearing for deposition and requested a
17 motion for a protective order. (ECF Nos. 31, 32.) Defendant was required to respond to such
18 motions. However, the Court finds that conducting discovery beyond the deposition of Plaintiff
19 was not reasonable given the fact that it would have been obvious that this action was barred by
20 res judicata.

21 The time records provided only document 50.1 hours expended by Mr. Herr in this
22 action. While the records have additional hours expended by other individuals there is no
23 documentation identifying the individuals, whether they are attorneys, and their experience.
24 There is no way for the Court to determine what reasonable compensation would be for each
25 individual.

26 The Court finds that Mr. Herr has reasonably expended the following hours in defending
27 this action.

28

| Date | Purpose | Hours |
|---|---|---|
| 10/9/17 | Reviewing federal lawsuit and research | 3.2 |
| 10/10/17 | Telephonic Conference | 1.8 |
| 10/19/17 | Communication re transcripts and declarations | .5 |
| 10/25/17 | Legal research and review motion for preliminary injunction | 3.8 |
| 10/28/17 | Conference regarding application for temporary restraining order | 3.0 |
| 11/19/17 | Review record for hearing on motion for preliminary injunction | 1.2 |
| 11/20/17 | Legal research and prepare for hearing | 3.4 |
| 11/21/17 | Hearing on motion for preliminary injunction | 3.2 |
| 11/24/17 | Communication regarding case status | .25 |
| 12/18/17 | Review Court's order and prepare for scheduling conference/communication regarding status of case | 2.85 |
| 1/15/17 | File review and meet with City Counsel | 1.7 |
| 1/25/18 | Review initial disclosures and file | 1.5 |
| 1/30/18 | Review communications regarding discovery and initial scheduling conference order | 2.10 |
| 3/3/18 | Review records and deposition preparation | 2.5 |
| 3/6/18 | Deposition of Plaintiff | 5.8 |
| 4/24/18 | Review discovery and transcripts | 1.8 |
| 5/22/18 | Review expert reports and file | 1.10 |
| 5/25/18 | Review and revise reply to opposition to motion for judgment | 1.0 |
| 6/18/18 | Review file and ruling | 1.5 |
| 6/21/18 | Finalize motion | 1.0 |
| Total | | 43.2 |

Accordingly, the Court finds that the records submitted demonstrate that Mr. Herr reasonably expended 43.2 hours in this action.

4. <u>Reasonable Attorney Fees</u>

Based on the foregoing, the Court finds that Defendant should be awarded attorney fees for 43.2 hours of attorney time at $160.00 per hour. Therefore, attorney fees of $6,912.00 shall be awarded to Defendant as reasonable compensation in this matter.

**B. Costs**

Defendant filed a bill of costs on June 20, 2018. (ECF No. 44.) Plaintiff did not file an opposition to the bill of costs and on July 2, 2018 costs were taxed by the Clerk of the Court. (ECF No. 47.) In her opposition to the motion for attorney fees and costs, Plaintiff challenges the deposition costs sought by Defendant. The Court shall construe Plaintiff's opposition as a

motion to retax costs in this action.[2]

Federal Rule of Civil Procedure 54(d)(1) provides that "unless . . . a court order provides otherwise, costs -- other than attorney's fees --should be allowed to the prevailing party." The Local Rules of the Eastern District of California state that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920." L.R. 292(a); see also Grove v. Wells Fargo Financial California, Inc., 606 F.3d 557, 579 (9th Cir. 2010) (the full extent of the court's power to shift litigation costs is defined by section 1920, absent express statutory authority). Under 28 U.S.C. § 1920 the Court may tax costs for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Those costs taxable under section 1920 are limited to relatively minor, incidental expenses. Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573 (2012). "Taxable costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators. It comes as little surprise, therefore, that 'costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit.' " Taniguchi, 566 U.S. at 573 (quoting Wright and Miller § 2666, p. 203).

"By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000); see also In re Paoli R.R. Yard PCB Litigation (In re Paoli), 221 F.3d 449, 458 (3d Cir. 2000) (the phrase " 'unless the court otherwise directs' makes the allowance of costs discretionary"). To overcome this presumption and deny a party costs, the district court must provide an explanation and the losing

---

[2] Although Plaintiff did not file an opposition to the bill of costs within the time provided by the Local Rule, Defendant raised the issue in the motion for attorney fees and has not argued that Plaintiff waived opposition to the bill of costs. Accordingly, the Court shall consider Plaintiff's objections to be timely raised.

party bears the burden of demonstrating that an award of costs would be unequitable under the circumstances. In re Paoli, 221 F.3d at 462-63; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("losing party must show why costs should not be awarded").

To decide the appropriateness of the request for deposition costs the Court must determine if the depositions were necessarily obtained for the case. Under Ninth Circuit precedent it is clear that a document need not be offered as evidence to have been necessarily obtained for the case. In re Ricoh Co. Ltd. Patent Litigation ("In re Ricoh"), 661 F.3d 1361, 1369 (Fed. Cir. 2011). However, depositions that are purely investigative or merely for the convenience of counsel may not be taxed against the opposing party. Michaels v. Taco Bell Corp., No. 3:10-cv-01051-AC, 2013 WL 5206347, at *3 (Sept. 13, 2013); see In re Ricoh, 661 F.3d at 1369 (Depositions that are merely useful for discovery are not taxable and their expense should be borne by the party taking them as incidental to normal trial preparation.). In other words, to be taxable depositions must not merely be for discovery. Arboireau v. Adidas Salomon AG, 2002 WL 31466564, at *5 (D. Or. June 14, 2002). The proper inquiry is whether the costs were reasonable at the time that they were incurred. Jackson v. City of Pittsburg, No. C 09-01-16 WHA, 2013 WL 3187326, at *2 (N.D. Cal. June 21, 2013). In determining the costs to be awarded, the Court is to exercise its discretion and only allow taxation of costs for materials that were "necessarily obtained for use in the case" and for an amount that is reasonable. Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

Plaintiff contends that the depositions of Raven, Holly, and Gundy were not necessary to this action. Plaintiff states that her best friend, Carrie Raven, was present at the administrative hearing, but was unable to shed any light on the due process issue. Similarly, Plaintiff argues that Becky Holly was a dog trainer who was produced for an evaluation of Armani in July 2017, but was not present at the administrative hearing and could not have any information regarding whether Plaintiff's due process rights were violated. Finally, Plaintiff contends that Susanne Gundy is not even tangentially related to Plaintiff's case. She had sued the City in 2016 for the killing of her dog by animal control.

Defendant responds that the Ms. Raven and the others were deposed to corroborate that

1  Plaintiff was aware of the primary right that she was pursuing and that her prior attorneys were
2  aware of the facts. However, even assuming that Ms. Raven and the others were deposed for the
3  purpose stated, this does not demonstrate that the depositions were necessarily obtained for use
4  in the case. Defendant was able to depose and obtain this information from Plaintiff. The Court
5  finds that the depositions of Carrie Raven, Becky Holly, and Susanne Gundy were not
6  necessarily obtained for use in the case and are not taxable costs under section 1920.

7  Although Plaintiff states that there was no reason to take the deposition of Hornberg, she
8  presents no argument as to why such a deposition was unnecessary in this action. Similarly,
9  Defendant does not address the deposition of Mr. Hornberg. Mr. Hornberg was the hearing
10 officer at the administrative hearing and Plaintiff was alleging that he engaged in numerous
11 incidences of misconduct which violated her due process rights. However, these are the claims
12 that were raised in the state court action, and the Court finds that Mr. Hornberg's deposition was
13 not necessarily obtained in this action which was decided on the grounds of res judicata. The
14 costs for deposition of Mr. Hornberg are not taxable under section 1920.

15 Plaintiff argues that she should not be taxed for the costs of $1,153.50 for the
16 videographer at her deposition. Here, Defendant has sought the deposition costs for the written
17 transcripts of Plaintiff's deposition. Defendant has not shown that video recording the deposition
18 of Plaintiff was "necessarily obtained" for use in this trial, rather than merely for the convenience
19 of counsel. See Thein v. Feather River Community College, 2013 WL 4012637, at *3 (E.D. Cal
20 Aug. 6, 2013) (allowing videographer costs where transcription costs were not sought); Pullela v.
21 Intel Corp., No. CV 08-1427-AC, 2010 WL 3361089, at *3 (D. Or. Aug. 25, 2010), aff'd, 467 F.
22 App'x 553 (9th Cir. 2012) (declining to award both written and videographer's fee). The Court
23 finds the expense for videography have not been shown to be reasonably necessary as the written
24 transcripts were obtained in this matter. The videographer fees are not reasonable and the costs
25 for video recording depositions will not be taxed to Plaintiff.

26 Based on the foregoing, the Court shall amend the award of costs in this matter to
27 exclude the deposition costs and related expenses for the depositions of Thomas Hornburg,
28 Susanne Gundy, Carrie Raven, and Becky Holly. Costs are awarded for $162.00 for reporter's

transcripts and $1,651.40 for the deposition of Plaintiff. The total costs awarded to Defendant are $1,813.40.

### C. Motion for Publication of Order

Defendant also moves to have the order granting the motion for judgment on the pleadings, issued June 8, 2018, published.

The Local Rules of the Eastern District of California provide that counsel may seek to have an order published by filing a motion "proposing the place and manner of publication, setting forth such information as the language to be published, the frequency of publication, the reasons underlying selection of the proposed vehicle of publication, and all other relevant matters." L.R. 171.

Defendant argues that the order in this instance meets the Ninth Circuit's criteria for publication of an opinion. As relevant here, the Ninth Circuit designates a written reasoned designation as an opinion where it: "(a) Establishes, alters, modifies or clarifies a rule of federal law, or (b) Calls attention to a rule of law that appears to have been generally overlooked, or . . . (d) Involves a legal or factual issue of unique interest or substantial public importance. CTA9 Rule 36-2. Defendant argues that while there is no shortage of case law on the subject of claim preclusion or res judicata, there is a dearth of rules on the application to municipal ordinances. Further, Defendant contends that the decision addresses the interplay of state and federal law and how they apply in cases challenging such ordinances and their enforcement. Finally, Defendant states that the Court's analysis on whether mandamus proceedings have preclusive effect for the purpose of res judicata clarifies an area of law.

Plaintiff counters that the order merely applied existing law to the case and should not be published. Plaintiff argues that the order did not address the application of municipal ordinances, but merely found that the claims were barred by res judicata.

Defendant replies that the ordinances here interplay with state law in local forums and future litigants will benefit from the publication of the order.

The order at issue here did address the conflicting case law regarding whether mandamus proceedings have res judicata effect under California law. In researching the specific issue, there

are conflicting unpublished decisions addressing this issue. Accordingly, the Court finds that this issue does warrant granting Defendant's request for publication.

The Court cannot order that a publishing company publish the decision, but it can recommend that a specific opinion be published. In this instance, the issue of whether res judicata applies to a mandamus proceeding is an area of law which has only been addressed in unpublished opinions. Accordingly, the Court shall grant Defendant's motion and will recommend for publication the order granting Defendant's motion for judgment on the pleadings (ECF No. 42).

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for attorney fees is GRANTED IN PART;
2. Defendant is AWARDED attorney fees in the amount of $6,912.00;
3. The July 2, 2018 order taxing costs is VACATED and the Clerk shall retax costs in the amount of $1,813.40;
4. Defendants' motion for publication of the Order Granting Defendant's Motion for Judgment on the Pleadings is GRANTED;
5. The June 8, 2018 Order Granting Motion for Judgment on the Pleadings is AMENDED as follows:
    a. At 3:1-3, the sentence is amended to read "At approximately 8:30 on the morning of January 31, 2017, Plaintiff's neighbor Stephen Stewart ("Stewart") called Visalia Animal Control to **complain** that dogs belonging to Plaintiff had attacked his dogs."
    b. At 5:18-20, the sentence is amended to read "Plaintiff owns a labrador retriever/pit bull mixed breed known as Armani that has been determined to be a vicious dog **in** the County of Tulare."
    c. At 15:9-12, the sentence is amended to read "Further, based on the argument at the June 6, 2018 hearing, it is clear that Plaintiff's claim is

that she did not receive a fair hearing and the remedy that Plaintiff is seeking is an order for the **City** to provide another hearing to determine whether Armani is a dangerous dog."

6. The Court recommends that the June 8, 2018 order Granting Defendant's Motion for Judgment on the Pleading be published.

IT IS SO ORDERED.

Dated:  **August 20, 2018**

UNITED STATES MAGISTRATE JUDGE